Per Curiam.

The order appealed from adjudged the landlord-appellant in contempt for claimed disobedience of a prior order of the Municipal Court awarding possession to the tenant-respondent on December 14, 1946, of an apartment previously *382 occupied by such tenant. To enable the landlord to make necessary repairs and alterations as required by the Department of Buildings and Housing, the tenant was obliged temporarily to vacate the apartment. The disobedience to the order is alleged to have happened on December 14, 1945. It was not until March 28, 1946, over three months thereafter, that the contempt proceedings to punish the landlord for violation of the order awarding possession was instituted not by the tenant but by his wife. The application for the contempt qrder is predicated solely on the wife’s affidavit. The tenant is the aggrieved party. He alone could institute the proceeding (Matter of Springer, 238 App. Div. 305, appeal dismissed 262 N. Y. 678). In addition, the rights of a third party now in possession were in question and the new tenant was not made a party to the proceedings.
The determination of the Appellate Term and the order of the Municipal Court should be reversed, with $20 costs and disbursements to the appellant in this court and $10 costs in the Appellate Term, and the motion denied.
Glennon, Dore, Cohn, Peck and Van Voorhis, JJ., concur.
Determination of the Appellate Term and order of the Municipal Court unanimously reversed, with $20 costs and disbursements to the appellant in this court and $10 costs in the Appellate Term, and the motion denied. Settle order on notice.